```
               IN THE UNITED STAT1ES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION

TAMIKA MONTGOMERY,              }
                                }
     Plaintiff,                 }
                                }     CIVIL ACTION NO.
v.                              }     2:12-CV-2148-WMA
                                }
BOARD OF TRUSTEES OF THE        }
UNIVERSITY OF ALABAMA,          }
                                }
     Defendant.                 }
```

**MEMORANDUM OPINION**

On November 4, 2014, magistrate judge Staci Cornelius entered a report and recommendation (Doc. 39) recommending that the motion for summary judgment filed by defendant, Board of Trustees of the University of Alabama ("UAB") (Doc. 19) be granted and that the action of plaintiff, Tamika Montgomery ("plaintiff"), be dismissed with prejudice. Plaintiff filed two objections to the said report and recommendation. They largely restate the arguments she made in defense of the motion for summary judgment (Doc. 21; Doc. 40 at 9, 13)). This court has given the case de novo review exploring the entire record considering UAB's motion for summary judgment without deference to the magistrate judge's R&R.

**SUPPLEMENTARY OPINION**

Without subtracting from the magistrate judge's opinion this court feels compelled to make two additional observations  and/or to give alternative reasons for reaching the conclusion being

1

reached both by the magistrate judge and by this court.

## The Effect of *Nassar* on Causation

In *Edwards v. National Vision, Inc.*, a Title VII retaliation case, this court recently acknowledged that under Title VII, a causal connection between plaintiff's protected activity and her adverse employment action "may be inferred from close temporal proximity . . . [but] [w]hen causation is based solely on temporal proximity, the two events must be 'very close' to establish the requisite causal connection." 946 F. Supp. 2d 1153, 1175 (N.D. Ala. 2013) (quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). Yet, in *Edwards* this court also acknowledged that in light of the oral argument that had recently taken place in *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517, 2533 (2013), the Supreme Court might hold in that case that a Title VII retaliation claim requires "but for" causation. *Edwards,* at 1176. This court correctly anticipated the Supreme Court, which did, in fact, make clear that "Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened [motivating factor] causation test." *Nassar*, at 2533. Before *Nassar*, close temporal proximity alone was thought sufficient to satisfy the then mere "motivating factor" causation standard. Post-*Nassar*, causation based only upon close temporal proximity

2

has lost its sway.[1] See *Hubbard v. Georgia Farm Bureau Mut. Ins. Co.*, No. 5:11-CV-290 CAR, 2013 WL 3964908, at *1 (M.D. Ga. July 31, 2013); *White v. Caterpillar Logistics, Inc.*, 2014 WL 7183342, at *8-9 (E.D.N.C. Dec. 16, 2014) (noting that the pre-*Nassar* law regarding temporal proximity may be affected by the heightened "but-for" causation standard); but see *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013)("[h]owever, the [*Nassar*] but-for causation standard does not alter the plaintiff's ability to demonstrate causation at the prima facie stage on summary judgment or at trial indirectly through temporal proximity").

Under the pre-*Nassar* "motivating factor" framework for retaliation cases, the Eleventh Circuit had construed the "causal link element broadly so that a plaintiff merely ha[d] to prove that the protected activity and the adverse action [we]re not completely unrelated." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004); see *Clover v. Total Sys. Servs., Inc.*, 176 F.3d

---

[1] After *Nassar*, this court indicated that when establishing a prima facie case of retaliation under *McDonnell Douglas*, "summary judgment for defendant [is appropriate] because it [is] improper to 'allow a factfinder to decide, without any basis other than temporal proximity, that the decision maker is lying.'" *Jackson v. United Parcel Serv., Inc.*, 2013 WL 5525972, at *14 (N.D. Ala. Oct. 4, 2013) (quoting *Brungart v. BellSouth Telecomm., Inc.*, 231 F.3d 791, 800 (11th Cir.2000)). Yet because plaintiff did not show the employer was aware of her EEOC complaint, "the court [did] not reach the issue of whether the hiring decision had sufficient temporal proximity to the EEOC complaint to show causation, nor need it revisit the second and third stages of the McDonnell Douglas test." *Id*. at *15.

1346, 1354 (11th Cir. 1999); *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998); *Simmons v. Camden County Bd. Of Educ.*, 757 F.2d 1187, 1189 (11th Cir. 1985). Yet, even under this relaxed standard, in order to demonstrate causation, the temporal proximity had to be "close," and the decision-maker must have had knowledge that the employee had engaged in protected conduct. *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000); see *Jarvela v. Crete Carrier Corp.*, 2015 WL 348602, at *8 (11th Cir. Jan. 28, 2015) ("[t]emporal proximity alone is insufficient to establish a causal connection in the absence of actual knowledge by the employer") and *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999) ("[a]t a minimum, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action").

Before *Nassar* the Eleventh Circuit routinely applied the "motivating factor" standard in Title VII retaliation cases. Other circuit courts had already embraced the *Nassar* "but-for" causation standard for retaliation at varying stages of the *McDonnell Douglas* framework and had determined that under this stricter standard mere temporal proximity is insufficient proof of causation.

Before *Nassar*, the Fifth Circuit allowed temporal proximity at the prima facie stage of the *McDonnell Douglas* framework while

4

applying a "but for" causation standard at the pretext stage. For a prima facie case, plaintiff need "not prove that [the] protected activity was the sole [motivating] factor" but rather "[c]lose timing between an employee's protected activity and an adverse action against [plaintiff] may provide the causal connection required to make out a prima facie case of retaliation." *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (quotation marks omitted). However, at the pretext stage of the *McDonnell Douglas* framework, "the but for standard applies." *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 806 (5th Cir. 2007) (citing *Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005)). Under this heightened standard, the Fifth Circuit "affirmatively reject[ed] the notion that temporal proximity standing alone can be sufficient proof of but for causation." *Strong*, at 808. In a case of Title VII retaliation where "[plaintiff] is left with no evidence of retaliation save temporal proximity, . . . [it] alone is insufficient to prove but for causation." *Strong*, at 808.[2]

---

[2] *See Dixon v. Moore Wallace, Inc.*, 236 F. App'x 936, 938 (5th Cir. 2007)("While very close temporal proximity alone may be adequate to establish a prima facie case of retaliation in some instances, temporal proximity alone is insufficient to prove but for causation"); *James v. Fiesta Food Mart, Inc.*, 393 F. App'x 220, 224 (5th Cir. 2010) ("a plaintiff cannot rely solely on suspicious timing to carry his burden at the pretextual stage of the burden-shifting framework . . . [i]n the face of evidence of a non-retaliatory reason for the adverse action, a plaintiff must show that retaliatory motives were the but-for cause of that action") *and Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 658

Even before *Nassar*, the Seventh Circuit applied "but for" causation at the prima facie stage of the *McDonnell Douglas* framework, thereby requiring that a plaintiff "demonstrate that [the employer] would not have taken the adverse action 'but for' the protected expression." *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1146 (7th Cir. 1997). Under this causal standard, the Seventh Circuit determined that "*[p]ost hoc ergo propter hoc* is not enough to support a finding of retaliation—if it were, every employee would file a charge just to get a little unemployment insurance." *Bermudez v. TRC Holdings, Inc.*, 138 F.3d 1176, 1179 (7th Cir. 1998)(Easterbrook, J.). While "[t]iming may be an important clue to causation . . . [it] does not eliminate the need to show causation [for retaliation under Title VII]." *Bermudez v. TRC Holdings, Inc.*, 138 F.3d 1176, 1179 (7th Cir. 1998); see *Perrywatson v. United Airlines, Inc.*, 762 F. Supp. 2d 1107, 1124 (N.D. Ill. 2011) ("*post hoc ergo propter hoc* . . . is not an argument but the name for a logical fallacy—an inadequate reason to infer causation").

The Eleventh Circuit has not yet expressly said "yes" to close temporal proximity as enough to meet a plaintiff's burden

---

(5th Cir. 2012) ("To defeat a motion for summary judgment, a plaintiff must demonstrate "a conflict in substantial evidence on [the] ultimate issue" of "but for" causation . . .[and] [t]emporal proximity, standing alone, is not enough").

6

under the heightened "but-for" causation standard.[3] In an unpublished opinion, the Eleventh Circuit relied on its pre-*Nassar* decisions to reiterate that to establish causation for a prima facie case of retaliation, "a plaintiff may be able to rely solely on the temporal proximity . . . but [it] must be 'very close.'"[4] *Ramirez v. Bausch & Lomb, Inc.*, 546 F. App'x 829, 832 (11th Cir. 2013) (citing *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)). Despite its citation to pre-

---

[3] The Eleventh Circuit has only opined on temporal proximity in unpublished opinions since *Nassar*. See *Penaloza v. Target Corp.*, 549 F. App'x 844, 847 (11th Cir. 2013); *Schmidt v. City of Atlanta*, 558 F. App'x 953, 955 (11th Cir. 2014); *Fisher v. SP One, Ltd.*, 559 F. App'x 873, 878 (11th Cir. 2014); *Edwards v. Nat'l Vision Inc.*, 568 F. App'x 854, 862 (11th Cir. 2014); *Adams v. City of Montgomery*, 569 F. App'x 769, 773 (11th Cir. 2014); *Taylor v. Teakdecking Sys., Inc.*, 571 F. App'x 767, 771 (11th Cir. 2014); *Carson v. Metro. Atlanta Rapid Transit Auth.*, 572 F. App'x 964, 969 (11th Cir. 2014); *Manley v. DeKalb Cnty., Georgia*, 587 F. App'x 507, 513 (11th Cir. 2014); *Butterworth v. Lab. Corp. of Am. Holdings*, 581 F. App'x 813, 816 (11th Cir. 2014); *Jackson v. United Parcel Serv., Inc.*, 593 F. App'x 871, 877 (11th Cir. 2014); *Rives v. Lahood*, 2015 WL 1320586, at *3 (11th Cir. Mar. 25, 2015); *Baroudi v. Sec'y, U.S. Dep't of Veterans Affairs*, 2015 WL 1475586, at *3 (11th Cir. Apr. 2, 2015).

[4] While these courts often rely on the "very close" language of *Breeden* for authority and support for temporal proximity, in *Breeden* the Supreme Court merely surveyed the federal courts that had addressed temporal proximity and summarized that "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be "very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74(2001).

*Nassar* temporal proximity authority without any dispositive significance being given to *Nassar*, the Eleventh Circuit limited its non-binding holding by emphasizing other evidence of causation to be considered by the trial court on remand, referring the question of the impact of *Nassar* to the trial court. *Ramirez*, 546 at 833 & n.2. "[While] a plaintiff must demonstrate 'but for' causation when making a Title VII retaliation claim . . . [*Nassar*] did not clarify the role of 'but for' causation in a plaintiff's prima facie case." *Id*. To resolve this, the district court "on remand . . . may need to consider whether [plaintiff] has sufficiently satisfied 'but for' causation in this case." *Id*.

This court believes that any reluctance by the Eleventh Circuit to fully to embrace *Nassar* has dissipated. This court is therefore willing to perform what the Eleventh Circuit's non-binding opinion in *Ramirez* asked the trial court. In two instances, this court has already addressed and applied *Nassar* at the prima facie case stage of the *McDonnell Douglas* framework. *Lanier v. Bd. of Trustees of Univ. of Alabama*, 2014 WL 657541, at *5 (N.D. Ala. Feb. 20, 2014) and *Gautney v. Tennessee Valley Auth. Bd. of Directors*, 9 F.Supp.3d 1245, 1253-54 (N.D. Ala. 2014). Both of these cases, however, involved a five month interval between the adverse employment action and the protected activity, a time interval that is insufficient to prove causation

even under the pre-*Nassar* regime. *Gautney* at 1254 and *Lanier* at *6.

In the instant case, the interval between Montgomery's alleged protected activity and her final discharge was a **mere fourteen days**. This fact forms Montgomery's only evidence of causation in her prima facie case. (Doc 40 at 2-3). Under the pre-*Nassar* standard, such a short period would be found to establish causation for a prima facie case of retaliation. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007); see *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1457 (11th Cir. 1998) (finding an adverse employment action the day after filing an EEOC charge to be sufficient causation for a prima facie case of retaliation). While this level of proof was enough when a plaintiff needed to show only that the protected activity was **one** of several potential motivating factors, this court is of the opinion that temporal proximity alone does not meet the new "but for" causation standard. Indeed, as the Eleventh Circuit opined in another context:

> The *post hoc ergo propter hoc* fallacy assumes causality from temporal sequence. It literally means "after this, because of this." Black's Law Dictionary 1186 (7th ed.1999). It is called a fallacy because it makes an assumption based on the false inference that a temporal relationship proves a causal relationship.

*McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1243 (11th Cir. 2005); see *Abbott v. Fed. Forge, Inc.*, 912 F.2d 867, 875 (6th

Cir. 1990) ("[b]ut post hoc, ergo propter hoc is not a rule of legal causation"). Under *Nassar*, as this court understands the Supreme Court, Montgomery must establish that her protected activity was the "but-for" cause of her discharge. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013). This is true both ultimately and at the prima facie stage. Merely showing that she was terminated shortly after she complained does not meet the prima facie standard for proof that she was terminated only because she complained. *Id*. Therefore, because Montgomery has failed to establish a prima facie case for retaliation under *Nassar*, summary judgment is appropriate.

Even if temporal proximity could in certain circumstances constitute sufficient proof of causation after *Nassar*, Montgomery's attendance record of tardiness and her written counselings cut the pinnings from under temporal proximity as sufficient proof of causation. "**[I]n a retaliation case, when an employer contemplates an adverse employment action before an employee engages in protected activity**, temporal proximity between the protected activity and the subsequent adverse employment action does not suffice to show causation." *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006) (emphasis added). In this case, while Montgomery contends that most of her tardy violations had expired under UAB's written employment policy, she admits to at least two tardy occurrences and three written

10

counselings that had not been forgiven. (Doc. at 4-5). When she complained of discrimination on December 6, 2010, she had tardy occurrences (Doc. 20-1 at 67-68) and written counselings (Doc. 20-1 at 62-63) predating her complaint. The undisputed attendance records and counseling documentation reflect UAB's serious concern about Montgomery's performance both before and after she complained of discrimination. (Doc. 20-2 at 39-42); see *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 309 (4th Cir. 2006) ("[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise") and *Verma v. Univ. of Pennsylvania*, 533 F. App'x 115, 119 (3d Cir. 2013)("[t]his Court has declined to infer such a causal link where an employee's negative performance evaluations predated any protected activity . . . [and] [plaintiff] has presented no evidence that suggests any causal connection between her allegations of discrimination and her termination, let alone evidence to suggest that such activity was the but-for cause of her termination [under *Nassar*]"). This court agrees with the Third Circuit.

### Another Problem for Plaintiff under *Nassar*

Plaintiff's original complaint charged both race discrimination and retaliation as motives for defendant's adverse employment action. When plaintiff amended her complaint to remove

11

her claim of racial discrimination she did not explain nor even assert that her amendment was meant to indicate that retaliation was the "only," or "but for" motive for her termination. She never formally sought dismissal of her race claim. This court is of the belief that in order to pursue a retaliation claim under *Nassar* a plaintiff must make it perfectly clear in her pleading that there are no proscribed motivations other than an intent to retaliate. Most of the discovery conducted in this case was relevant only to her race and/or gender claims, which she left out of her amended complaint but has never conceded to be without colorable merit. Under this procedural circumstance she fails even facially to meet the *Nassar* standard.

## CONCLUSION

The court OVERRULES Montgomery's objections to the report and recommendation and ADOPTS the report, as hereinabove supplemented. A separate order effectuating this opinion will be entered,

DONE this 27th day of April, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE